Tracy Coy POE, Plaintiff in Error,

v.

OKLAHOMA CITY, State of Oklahoma,
Defendant in Error.

No. A–15460.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Rehearing Denied April 30, 1971.

Larry G. Cassill and Robert A. Jackson, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, William D. Graves, Asst. Municipal Counselor, for defendant in error.

BUSSEY, Judge.

Tracy Coy Poe, hereinafter referred to as defendant, was charged, tried and con-

victed in the Municipal Court of Record, City of Oklahoma City, for the offense of Possession of Gambling Paraphernalia; his punishment was fixed at sixty (60) days in the county jail and a fine of One Hundred ($100.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant alleges four propositions of error, one of which contains sufficient merit to be discussed in this opinion. The defendant contends the arrest was unlawful and the subsequent search illegal. The record reveals some inconsistency in the testimony of the arresting officer as to the basis of the arrest. This Court will not assume the role as a trier of facts which is the forum of the trial court to resolve inconsistencies. We are of the opinion that the defendant's objection to the subsequent search is well taken. The defendant was arrested and removed to an adjacent parking lot. He was informed that if he did not consent to a search of his automobile, it would be impounded and a search warrant obtained. The defendant then consented to the search and certain items were obtained from the automobile. We cannot uphold the State's contention that the defendant voluntarily consented to the search. We are of the opinion that threatening to impound a vehicle and to obtain a search warrant is coercion. It is a well established rule that a waiver obtained by coercion is unlawful.

The case is accordingly reversed and remanded for a new trial. The trial court is directed to conduct a hearing to determine the legality of the arrest and in the event the court determines the arrest to be valid, the trial court is to exclude any evidence obtained as a result of the search of the defendant's vehicle in the subsequent trial. Reversed and remanded for a new trial.

BRETT, P. J., concurs in results.

NIX, J., concurs.